[No. 19280.   Department Two. — February 6, 1894.]

## CALIFORNIA LOAN AND TRUST COMPANY, RE-SPONDENT, v. JAMES HAMMELL, APPELLANT.

MORTGAGE—VOID ASSIGNMENT—AGENCY—EXCESS OF AUTHORITY—PAYMENT OF NOTE—NOTICE TO ASSIGNEE.—Where one assuming to act as the agent of the owner and holder of a note secured by mortgage, made an assignment thereof, without authority, and in violation of the directions of his principal, that the mortgage, the release of which he had previously signed and acknowledged, should be delivered upon the payment of the note and made such assignment after payment of the note at the request of the maker and of the assignee, by a third person, who requested the assignment to be made instead of discharging the mortgage, the assignee having due notice at and prior to the assignment of all the facts, no title passed by such assignment to the assignee, and he has no right to foreclose the mortgage.

ID.—EXTINGUISHMENT OF DEBT—COLLATERAL SECURITY.—The payment of the amount of the note and mortgage operated as an extinguishment of the debt, the payment of which was provided for and secured to the assignee by assignment of a joint note and mortgage on other land, executed by the maker of the note in question and his wife.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Guthrie & Guthrie*, for Appellant.

*Walter Bordwell*, for Respondent.

FITZGERALD, J.—Action to foreclose a mortgage. Plaintiff had judgment and defendant appeals.

It appears that Cockens, who assumed to act as the agent of Robbins, the owner and holder of the note secured by the mortgage sought to be foreclosed in this action, in making the assignment thereof to plaintiff had no authority whatever to do so.

The evidence shows that the note in question was delivered to him by Robbins for collection only, with directions that the mortgage, the release of which he had previously signed and acknowledged, should be delivered upon the payment of the note; that the note was

thereafter presented by Cockens after maturity for payment, at the request of the maker, to one Avery, who thereupon paid the same for and at the request of plaintiff, in pursuance of an understanding to that effect between all parties.   Cockens, however, instead of delivering the note and mortgage upon payment to him of the amount due thereon, as he had been directed by Robbins to do, and which was the limit of his authority, executed, as the pretended agent of Robbins, at the request of Avery, an assignment of the note without recourse to plaintiff. It further appears that Avery stated to Cockens, at the time of the making of the assignment, that they preferred taking an assignment of the note to paying it off and discharging the mortgage, as they wished to use it in a trade in which they were interested.

Upon these facts, of which plaintiff had due notice at and prior to the alleged assignment, it is clear that no title passed to it thereby.

In addition to this, it is equally clear that the note was paid and the debt extinguished by the payment of the amount thereof as stated, which payment had theretofore been provided for and secured to plaintiff by the assignment to it, for that purpose, of the joint note and mortgage on other land executed by the maker of the note in question and his wife.

Judgment and order reversed.

McFARLAND, J., and DE HAVEN, J., concurred.

Hearing in Bank denied.

BEATTY, C. J., dissented from the order denying a hearing in Bank.